## CORRECTION OF VERDICT RETURNED BY MISTAKE.

Circuit Court of Cuyahoga County.

THE CADY-IVISON SHOE COMPANY v. A. CHICOWICZ.

Decided, November 24, 1905.

*Trials—Court May Re-submit a Case to Jury Where a Verdict is Plainly a Mistake.*

Where a jury after returning a verdict in a replevin case were discharged, and certain members of the jury having inquired of the court as to the effect of their verdict and upon being informed that it was in favor of the defendant, protested that that was not their intention, it was not error for the court to re-assemble the jury and after ascertaining that all of them were mistaken as to the effect of their verdict, re-submit the case to them after further instructions.

*Kline, Tolles & Goff*, for plaintiff in error.
*Henry Du Laurence*, contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This was a replevin case commenced before John Brown, J. P., defendant in error, a retail shoe dealer, who had bought, partly on credit, a bill of goods of plaintiff in error, wholesale shoe dealers. The former having failed to pay punctually therefor, his entire stock was replevied by the company, including not only those that remained of the shoes for which he had not paid, but also others bought of the same and other wholesale dealers.

All that had not been bought of plaintiff in error were subsequently returned. The rest were kept.

The cause was appealed to the common pleas court, and, on the trial there, the jury returned a verdict evincing on its face a misunderstanding of the peculiar form of verdict returnable in such cases. While court and counsel were discussing whether the verdict might not be rectified by treating part of it as surplusage, the jury were excused and told to report to the jury room for duty. Part of them left the room and part crowded about the court's desk, inquiring about the effect of their verdict and whether it imported a finding for plaintiff or defendant. Being told by the court that it was finding against Chicowicz, they protested that it was not their verdict. Thereupon the court called the whole jury back, and having charged them further, sent them out to deliberate once more. They later brought in a verdict against the plaintiff in error, upon which judgment was rendered.

The facts that transpired after the first verdict was rendered, are brought into the record largely by the affidavits of the jurymen themselves, filed in resistance to the motion for a new trial, and incorporated in a bill of exceptions. It is complained that the testimony of jurors can not be heard to impeach their own verdict. Such, however, is manifestly not the purpose or effect of this evidence. The first verdict is self-impeached, and the door is thus opened to let in the testimony of the jurors themselves in confirmation of their misunderstanding. *Farrar* v. *State*, 2 O. S., 54.

It is objected further that the court was without power, having once discharged the jury, to reconvene them; and that the jury were without power having once rendered a verdict and separated, to withdraw the same and render another. *Sutliff* v. *Gilbert*, 8 Ohio, 405, cited by plaintiff in error in support of this contention, appears, however, when examined, to afford abundant justification for the action of the court and jury under such circumstances of this case.

It is objected further that the verdict and judgment as finally rendered, are for a sum in excess of the possible liability

of the plaintiff in error in view of the amount of Chicowicz's unpaid indebtedness. This contention overlooks the fact that other goods were taken besides those for which Chicowicz was indebted.

We find no error in the record and the judgment is affirmed.